UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: HUSSEIN HURAIBI,

    Debtor,                                   Case No. 2:15-bk-53215-wsd

                                           Hon. Walter Shapero

_____

**CREDITORS' BRIEF IN OPPOSITION TO DEBTOR'S
MOTION FOR EXTENSION OF AUTOMATIC STAY**
_____

        Creditors Integrated Health Care Systems, LLC, Integrated HCS Practice Management, LLC, Integrated JCS Imaging Services Management, LLC, Joseph F. Desanto, Sarah M. Vidican, Edward Cespedes, Vincent Celentano, and Gerri Avery (collectively, "Creditors") hereby submit their Brief In Opposition To Debtor's Motion For Extension Of Automatic Stay.

## INTRODUCTION

        Debtor Hussein Huraibi ("Debtor" or "Huraibi") filed a previous Chapter 7 case (Case No 15-50710) less than 1 year from the date of the present filing. The Court dismissed that case because Huraibi failed to file a required creditor's matrix ("the Missing Document"). Under 11 U.S.C. 362(c)(3)(A), the automatic stay as to all creditors will expire within 30 days from the petition filing date. Huraibi has filed a motion seeking an extension of the stay under 11 U.S.C. 362(c)(3)(B) and L.B. R. 4001-5. The Court should deny the motion for the reasons stated and discussed below.

# ARGUMENT

In order for Hussein to get an extension of the automatic stay, he must show that he filed his present petition in "good faith." 11 U.S.C. 362(c)(4)(B). However, under 11 U.S.C. 362(c)(4)(D), there is a presumption that he filed the petition in "bad faith" if certain factors are present. 11 U.S.C. 362(c)(4)(D) provides, in pertinent part, that:

> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)
>
> (i) as to all creditors if –
>
> * * *
>
> (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney) … ;

As noted, the Court dismissed Huraibi's previous case because he failed to file the required Missing Document. In his present motion, Huraibi claims that his former attorney was negligent in failing to file it. He is obviously making that claim to avoid the presumption of bad faith imposed by 11 U.S.C. 362(c)(4)(D)(ii)(II). However, the only support that he offers for his claim is his own self-serving Affidavit. In that Affidavit, he states that he supplied his attorney with the information needed to file the Missing Document, but that his attorney unilaterally chose not to file it. Huraibi does not attach any transmittal documents or any other writings to show that he did, in fact, supply his former attorney with the information. More importantly, he does not attach an Affidavit from his former attorney stating that he was the one who chose not to perform the filing. Therefore,

Huraibi's motion does not demonstrate a substantial excuse for his failure to file the Missing Document.

The fact that Huraibi did not immediately re-file for bankruptcy protection fortifies that conclusion. If his former attorney made a mistake or otherwise chose not to file the Missing Document, there would be no reason for Huraibi to delay a re-filing. Instead, he waited to re-file for over a month, and until just before a State court was going to issue a significant default judgment against his company (and related bankruptcy debtor), Integrated Health Group, Inc. ("IHG").

That delay is consistent with Huraibi's history of inappropriately manipulating the State and bankruptcy court systems. In the State court action in which both he and IHG were parties against Creditors, the case was stayed based on Huraibi's willingness to participate in a facilitative mediation. His attorneys later withdrew from that process, claiming that Huraibi's stated willingness was due to a miscommunication from an attorney who was leaving the firm.

The case was later stayed based on Huraibi's counsel's position that facilitation could be productive, if discovery was put on hold. However, Huraibi filed his first bankruptcy case (the Chapter 7 petition that this Court dismissed in July) three weeks later, on the day before the facilitation was to take place. Clearly, Huraibi is playing games with the system and the Court should not allow him to continue doing so.

In light of the above, the Court should deny the present motion or, at the very least, hold an evidentiary hearing to determine whether Huraibi has a substantial excuse for failing to file the Missing Document in his prior bankruptcy proceeding.

## PROOF OF SERVICE

The undersigned states that he served a copy of the present document on counsel of record by filing the document with the Court's electronic filing and service system on September 22, 2015. He also states that he served the document on Debtor via U.S. mail on September 22, 2015.

>BRYAN D. MARCUS, P.C.
>
>/S/ Bryan Marcus
>
>_____
>Bryan D. Marcus (P47125)
>Attorneys for Creditors
>29488 Woodward Ave.
>Suite 451
>Royal Oak, MI 48073
>(248) 320-1071